**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5271-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REGINALD L. LEACH, a/k/a
ALVIN BARINO, BUCKY,
ESDORN EDWARDS,
LAMONT EDWARDS,
TOMMY LEACH, RASHEEN,
and JERMAINE ROBERTS,

     Defendant-Appellant.

_____

          Submitted January 27, 2021 – Decided March 24, 2021

          Before Judges Sumners and Geiger.

          On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 01-04-0403.

          Reginald L. Leach, appellant pro se.

          Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Reginald Leach appeals the Law Division's July 10, 2019 order dismissing his fourth post-conviction relief (PCR) petition without an evidentiary hearing. He argues:

> POINT I
>
> THE TRIAL COURT'S DECISION TO DENY APPELLANT A PLENARY HEARING ON HIS INITIAL PETITION FOR POST-CONVICTION RELIEF, DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES AND NEW JERSEY CONSTITUTIONS. (NOT RAISED BELOW.)
>
> POINT II
>
> THE TRIAL COURT SHOULD NOT HAVE DENIED THE POST-CONVICTION [RELIEF] PETITION ON THE PAPERS, WITHOUT CONDUCTING A PLENARY HEARING IN ORDER TO PROVIDE APPELLANT AN OPPORTUNITY TO MAKE A PRIMA FACIE SHOWING FOR A FULL EVIDENTIARY HEARING.

Considering these arguments, the record, and the applicable law, we affirm.

On March 18, 2004, a jury found defendant guilty of first-degree armed robbery, third-degree criminal restraint, and fourth-degree unlawful possession of an imitation firearm arising from a robbery of a Parsippany clothing store on September 29, 2000. Defendant was sentenced on July 16, 2004, to an aggregate

2

prison term of twenty years, subject to a ten-year period of parole ineligibility. The sentence was consecutive to a February 20, 2004 aggregate extended-term forty-year sentence, subject to a twenty-year period of parole ineligibility, that defendant received for first-degree robbery and third-degree criminal restraint involving another clothing store robbery. We upheld the conviction, but despite "not [being] persuaded that the [trial] court erred in the imposition of the sentence, . . . we nevertheless remand[ed] [the first-degree robbery sentence] for further consideration in light of the Supreme Court's recent opinion in State v. Pierce, 188 N.J. 155 (2006)." State v. Leach, No. A-4766-03T4 (App. Div. Dec. 28, 2006), (slip op. at 3-4), certif. denied, 190 N.J. 396 (2007).

On October 1, 2007, defendant filed his first PCR petition. The petition was denied but the trial court's order and decision were not included in the record.

On or about March 17, 2014, defendant filed a second PCR petition. On October 8, the PCR judge issued an order denying the petition as procedurally deficient under Rule 3:22-8 because defendant "failed to attach the decision from his first [PCR] petition . . . that was filed on October 1, 2007. Furthermore, . . . defendant did not include his brief in support of his initial petition, nor did he attach the State's brief in opposition[.]"

On March 15, 2016, defendant filed a pro se motion to correct an illegal sentence, claiming the State failed to timely file its motion for an extended term sentence related to his February 20, 2004 conviction. The application also contended that trial counsel was ineffective in failing to advise defendant of the: (1) possibility of an extended term sentence if he was found guilty; (2) strength of the State's evidence against him; and (3) the State's plea offer, the plea cutoff date, and his maximum sentence exposure. Although defendant did not designate the motion as a PCR petition, we consider it his third PCR petition because he made claims of ineffective assistance of counsel.

On April 30, 2018, Judge Sohail Mohammed issued an order and written decision denying the application. The judge found that the record revealed the State's extended term motion was timely filed. The judge also found that the second or subsequent ineffective assistance claims were untimely because they were not filed within one year after the date on which defendant alleged: (1) reliance on a previously unavailable and newly recognized constitutional rule of law, R. 3:22-12(a)(2)(A); (2) newly discovered facts that "could not have been discovered earlier through the exercise of reasonable diligence[,]" R. 3:22-

12(a)(2)(B); or (3) a prima facie case that his first or subsequent PCR counsel was ineffective, R. 3:22-4(b)(2)(C).[1]

The judge also found that defendant's claims were procedurally barred under Rule 3:22-4(b). Noting defendant's two prior PCR applications, he reasoned

> the rule requires all petitions for post-conviction relief beyond the first not only be timely filed pursuant to . . . [Rule] 3:22-12(a)(2), but also allege that it relies on a new rule of constitutional law made retroactive to the defendant's petition or that the factual predicate for the relief sought could not have been discovered earlier and would raise a reasonable probability that the relief sought would be granted or allege on its face a prima facie case of ineffective assistance of counsel that represented the [d]efendant on the first application for post-conviction relief.

Defendant filed his fourth PCR petition on September 4, 2018, arguing his conviction should be reversed because trial counsel "failed to [advise him] of the laws governing [his] sentence[e] [exposure] in his case. And as a result, [he] was deprived of information necessary to make an informed decision to accept or reject the State's plea offer[]" of "eighteen years, with no more than nine years of parole ineligibility." Defendant contended that he could not have raised

---

[1] Defendant's appeal was dismissed on December 5, 2018, for failure to pay the filing fee.

the argument in his previous PCR petitions, and that the five-year time bar under Rule 3:22-12 should be relaxed under Rule 1:1-2.

Judge Mohammed entered an order on July 10, 2019 detailing that relief was denied without an evidentiary hearing because defendant failed to present a prima facie case of ineffective assistance of counsel. The order stated the petition was time-barred under Rules 3:22-4(b)(1) and 3:22-12(a)(2) because there were no valid reasons for relaxing the time requirements, and that Rule 1:1-2, which is a general court rule allowing the relaxation of filing deadlines, did not apply to PCR petitions, R. 1:3-4(c). The judge also determined the petition was procedurally barred under Rule 3:22-8 because defendant failed "to provide any information regarding his previous [PCR] petitions[;]" the same deficiency noted in the October 8, 2014 order denying defendant's second PCR petition.

We review de novo a PCR judge's factual findings made without an evidentiary hearing and legal conclusions. State v. Harris, 181 N.J. 391, 415-16 (2004). We affirm substantially for the reasons forth by Judge Mohammed in his cogent written decision. We add the following brief comments.

There is no merit to defendant's contention that the subject PCR petition is his first PCR petition regarding his July 16, 2004 convictions for robbery,

criminal restraint, and unlawful possession of an imitation firearm because his previous PCR petitions only pertained to his February 20, 2004 convictions for robbery and criminal restraint. The record provided does not confirm this, and thus, this petition must be treated as repetitive of those denied in the prior orders.

Moreover, even if his latest PCR petition was the first petition to address the July 16, 2004 convictions, it is untimely because it was filed more than five years after the conviction date without proof of "excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]" R. 3:22-12(a)(1)(A); State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

In short, defendant has not presented any factual or legal basis for us to alter the July 10, 2019 order. To the extent that we have not addressed any of defendant's arguments it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5271-18